UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES WALTON PARRISH, JR.,                                                Plaintiff,

v.                                            Civil Action No. 3:20-cv-P593-DJH

LOUISVILLE METRO DEPARTMENT
OF CORRECTIONS *et al.*,                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff James Walton Parrish, Jr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court on an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will allow one claim to proceed for further development, dismiss some claims, and give Plaintiff an opportunity to amend his complaint.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a convicted inmate at the Louisville Metro Department of Corrections (LMDC) at the time of the alleged events,[1] sues "[LMDC] and Staff"; Dr. Smith, a doctor at LMDC; R. Reese and T. Rawlings, who he states are "[i]n charge of Medical"; D. Clark, the LMDC Director; and B. Baker and E. Troutman, employees of LMDC for whom he does not identify their job titles. He sues each Defendant in his or her official capacities only.

Plaintiff states that since July 28, 2019, he has tried "to seek medical aid with my Blurry vision and severe headackes." He states, "When I finally was able to see Dr. Smith in August of 2019 Dr. Smith told me you would most likely need glasses. But he said the policy here is you

---

[1] Plaintiff has since been transferred to the Roederer Correctional Complex.

need to have 250.00 dollars on your jail account to pay for exam and glasses." He reports that he has exhausted the grievance process. He states, "The people in charge of medical here at [LMDC] are Mrs. R. Reese and Mrs. T. Rawlings above them is the Director Mr. D. Clark and directly underneath his title are Mr. B. Baker and Mr. E. Troutman." He continues, "This policy which is not in the inmate handbook has been used to keep me in pain so that I can not even read a newspaper or book without a headacke. Makes it difficult to try and watch TV or write a letter to friends or family." He states that the inmate handbook provides that inmates' access to healthcare will not be precluded by inability to pay. Plaintiff alleges violation of the Fifth, Eighth, and Fourteenth Amendments and violation of the inmate handbook.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466

(6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Eighth Amendment claims against the municipality

Plaintiff sues "[LMDC] and Staff" and all of the individually named Defendants in their official capacities only. However, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Louisville Metro Government is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against "[LMDC] and Staff" as a claim brought against Louisville Metro Government.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty.*

*Gov't*, 743 F. Supp. at 503. Therefore, the Court construes Plaintiff's official-capacity claims against Defendants as brought against their employer, Louisville Metro Government.

Upon review, <u>the Court will allow Plaintiff's claim under the Eighth Amendment to proceed against Louisville Metro Government</u>. The Court will direct the Clerk of Court to add Louisville Metro Government as a Defendant in the docket sheet.

The official-capacity claims against Defendants Smith, Reese, Rawlings, Clark, Baker, and Troutman will be dismissed as redundant to the continuing claim against Defendant Louisville Metro Government. *See Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacities as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (same).

In addition, Plaintiff's claim for punitive damages must also be dismissed because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *see also Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 818-19 (6th Cir. 2007) ("[T]he district court found the municipalities immune to punitive damages claims and properly granted summary judgment on Plaintiffs' claims for punitive damages against Defendants Springboro and Clearcreek on that basis."). Therefore, Plaintiff's claim for punitive damages is also subject to dismissal.

However, before dismissing the punitive-damages claim on this basis, the Court will allow Plaintiff to file an amended complaint suing Defendant Smith in his individual capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

4

Plaintiff's allegations against all of the other individually named Defendants appear to be based on their supervisory authority only. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior."). Rather, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. Therefore, Plaintiff need not amend his complaint to sue the other Defendants in their individual capacities.

### B. Other claims

Plaintiff also alleges a violation of the Fifth Amendment. However, he fails to explain how the Fifth Amendment applies to his claims. Based on the facts alleged, the Court does not find that Plaintiff has a cognizable Fifth Amendment claim. Specifically, the Court notes that to the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of federal officials are not at issue, and the Court will dismiss the Fifth Amendment claims for failure to state a claim.

Moreover, although Plaintiff alleges a Fourteenth Amendment violation, because he was a convicted inmate at the time of the alleged incident, the Eighth Amendment, not the Fourteenth Amendment, applies to his claims. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual

punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.").

Therefore, Plaintiff's claims under the Fifth and Fourteenth Amendments will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also alleges violation of LMDC policy. However, failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation).

Therefore, Plaintiff's claim based on violation of LMDC policy must also be dismissed for failure to state a claim upon which relief may be granted.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claim against "[LMDC] and Staff" and the official-capacity claims against Defendants Smith, Reese, Rawlings, Clark, Baker, and Troutman are **DISMISSED** as redundant to the continuing claim against Louisville Metro Government.

**IT IS ORDERED** that Plaintiff's claims alleging violations of the Fifth and Fourteenth Amendments and violation of LMDC policy are dismissed for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** suing Defendant Smith in his individual capacity. The Clerk of Court is **DIRECTED** to place this case number

and word "Amended" on page 2 of Plaintiff's § 1983 complaint form (DN 1) and send it to Plaintiff for his use.

Plaintiff will enter a Service and Scheduling Order after Plaintiff files an amended complaint or after the 30-day period expires.

**<u>Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an order dismissing Plaintiff's claim for punitive damages.</u>**

Date:

cc: Plaintiff, *pro se*
  Defendants
  Jefferson County Attorney
4415.010