UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES WALTON PARRISH, JR.,     Plaintiff,

v.     Civil Action No. 3:20-cv-P593-DJH

LOUISVILLE METRO DEPARTMENT
OF CORRECTIONS *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff James Walton Parrish, Jr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. In the original complaint, Plaintiff sued Louisville Metro Department of Correction (LMDC), Dr. Smith, R. Reese, T. Rawlings, D. Clark, B. Baker, and E. Troutman in their official capacities only. By prior Memorandum Opinion and Order (Docket No. 13), the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court allowed Plaintiff's Eighth Amendment claim based on the alleged denial of prescription eye glasses to proceed against Louisville Metro Government[1] and dismissed the official-capacity claims against Defendants Smith, Reese, Rawlings, Clark, Baker, and Troutman. The Court also gave Plaintiff an opportunity to file an amended complaint to sue Smith in his individual capacity.

Plaintiff has now filed a motion to amend the complaint (DN 20). Upon review, **IT IS ORDERED** that the motion to amend (DN 20) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(2). The **Clerk of Court is directed to change** the docket entry of DN 20 to reflect that it is an amended complaint. Also, because Plaintiff now alleges claims against Burns in the amended complaint, the **Clerk of Court is directed** add Burns as a Defendant in the docket sheet.

---

[1] The Court found that Louisville Metro Government is the proper Defendant for the claims brought against LMDC.

The amended complaint is now before the Court for initial review pursuant to § 1915A. Upon review, the Court will allow Plaintiff's Eighth Amendment claim to procced against Smith in his individual capacity and will dismiss the other claims asserted in the amended complaint.

## I. SUMMARY OF ALLEGATIONS

Plaintiff was a convicted inmate at LMDC at the time pertinent to the case. In the amended complaint, he sues Smith, R. Reese, T. Rawlings, and Case Worker Burns in their individual capacities. He attaches grievance records and alleges that the records show "a clear pattern of non medical treatment and the continued pain and suffering endured in my incarceration at [LMDC] while not supplying glasses or corrective eyewhere."

Plaintiff also alleges a Fifth Amendment claim against Burns and Louisville Metro Government for "not allowing me to access the courts or devices for proper defense." He asserts that he did not have access to the legal kiosk, typewriter, or laptop. He states, "Case Worker Ms. Burns deliberate did not sign me up for these items when I asked her to numerous times." He attaches grievance records concerning this claim, as well.

Plaintiff asserts a claim under the Fifth and Eighth Amendment alleging "that Louisville Metro Government and it's employees deliberately harrassed me at every chance to properly defend myself in Court or while trying to follow LMDC guidelines in there own manule that they themselves never followed." Plaintiff also increases the amount of damages he seeks.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Eighth Amendment

Plaintiff sues Smith, Reese, Rawlings, and Burns in their individual capacities and alleges that grievance records show that they denied his request for eyeglasses. In the original complaint (DN 1), Plaintiff alleged that he had tried "to seek medical aid with my Blurry vision and severe headackes." He states, "When I finally was able to see Dr. Smith in August of 2019 Dr. Smith told me you would most likely need glasses. But he said the policy here is you need to have 250.00 dollars on your jail account to pay for exam and glasses." He stated, "The people in

charge of medical here at [LMDC] are Mrs. R. Reese and Mrs. T. Rawlings above them is the Director Mr. D. Clark and directly underneath his title are Mr. B. Baker and Mr. E. Troutman."

To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff alleges no personal involvement on the part of Reese, Rawlings, or Burns in denying him eyeglasses, only that they were "in charge" of medical or denied or failed to act on his grievances. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint and amended complaint fail to demonstrate that Reese, Rawlings, or Burns engaged in any conduct to demonstrate supervisory liability.

Moreover, a plaintiff cannot maintain a claim against a prison official based solely on his handling of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*,

532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Likewise, the failure to act on an inmate's grievances does not subject a defendant to liability. *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that [the defendant] failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel.").

Therefore, the Court will dismiss Plaintiff's Eighth Amendment claims against Reese, Rawlings, and Burns for failure to state a claim upon which relief may be granted.

The Court will, however, allow Plaintiff's Eighth Amendment deliberate-indifference-to-serious-medical-needs claim to procced against Smith in his individual capacity based on Plaintiff's allegations that Smith denied his request for eyeglasses.

### B. Access to courts

Plaintiff also alleges a Fifth Amendment claim against Burns and Louisville Metro Government for denial of access to the courts. Prisoners have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830-31; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v.*

*Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff alleges no actual injury to his criminal defense or to any past or pending litigation due to the alleged lack of access to legal materials at LMDC. Therefore, Plaintiff's access-to-courts claim must be dismissed for failure to state a claim.

### C. Harassment

Plaintiff also alleges that Louisville Metro Government and its employees "deliberately harrassed me at every chance to properly defend myself in Court . . . ." However, Plaintiff's allegation of harassment is broad and conclusory and too lacking in any factual specificity to state a claim. *See Iqbal*, 556 U.S. at 681. Plaintiff's allegation of harassment fails to give Defendant "fair notice" of the basis of his claim(s). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted); *see also Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (holding that "some factual basis for the claims under § 1983 must be set forth in the pleadings" and "mere conclusory allegations of unconstitutional conduct" are insufficient).

Therefore, Plaintiff's harassment claim must be dismissed for failure to state a claim upon which relief may granted.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the individual-capacity claims against Reese, Rawlings, and Burns and the claims based on denial of access to the courts and harassment are **DISMISSED** for failure to state a claim upon which relief may be granted.

The **Clerk of Court is directed to terminate** Reese, Rawlings, Clark, Baker, Troutman, and Burns as Defendants to the action.

The **Clerk of Court is further directed to substitute** Louisville Metro Government for Louisville Metro Department of Corrections in the docket sheet.

The Court will enter a Service and Scheduling Order to govern the continuing claims against Louisville Metro Government and Smith in his individual capacity.

Date: April 5, 2021

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4415.010